FILED'07 FEB 23 11:05USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


RUSSELL LEWIS DUDLEY,

       Plaintiff,

  v.

WILLIAM HOEFEL DR. ELIZABETH
SAZIE; DR. STEVEN SHELTON;
KATHIE ELLIOTT, R.N.;
DR. SCOTT GRAHAM; and
VICKI REYNOLDS, sued in their
individual and official capacities,

       Defendants.

CV 06-513-BR

OPINION AND ORDER

    **RUSSELL LEWIS DUDLEY**
    SID No. 10324531
    Warner Creek Correctional Facility
    P.O. Box 1500
    Lakeview, OR  97630

        Plaintiff *Pro Se*

    **HARDY MYERS**
    Attorney General
    **LEONARD W. WILLIAMSON**
    Senior Assistant Attorney General
    Department of Justice
    1162 Court Street N.E.
    Salem, OR  97301

        Attorneys for Defendants

1 - OPINION AND ORDER -

**BROWN, Judge.**

Plaintiff, an inmate currently housed at the Warner Creek Correctional Facility, brings this civil rights action pursuant to 42 U.S.C. § 1983 *pro se*. Currently before the Court is Defendants' Un-enumerated 12(b) Motion to Dismiss -- Failure to Exhaust Administrative Remedies (#15).[1] For the reasons that follow, the Court GRANTS Defendants' Motion, and DISMISSES this action.

## BACKGROUND

Plaintiff was previously incarcerated at the Coffee Creek Correctional Facility ("CCCF"). Plaintiff alleges correctional officials at CCCF failed to protect him from assault by another inmate. Plaintiff further alleges he suffered several injuries as a result of the assault, that Defendants deliberately refused to provide medical treatment directly after the assault, and that they subsequently refused to perform reconstructive surgery on Plaintiff's nose.

Defendants move to dismiss Plaintiff's claims on the basis he failed to exhaust his administrative remedies. Defendants present evidence that Plaintiff filed no grievance regarding his failure to protect or denial of immediate medical care claims. While

---

[1] The Court notified Plaintiff of the requirements for opposing a motion to dismiss brought pursuant to un-enumerated Rule 12(b) by Order (#18) issued December 12, 2006.

2 - OPINION AND ORDER -

Plaintiff did file a grievance on the reconstructive surgery issue, Defendants argue he failed to timely appeal the denial of his grievance.

Plaintiff did not file a response to Defendants' motion. In his Complaint, however, Plaintiff alleges he could not timely file his grievance appeal because "ODOC sent me temporarily back to county and [I] did not receive my mail or grievances until my return and by that time my time limit ha[d] run."

## DISCUSSION

Pursuant to 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

Inmates must exhaust all grievance remedies prior to filing a § 1983 action, including appealing the grievance decision to its highest level within the grievance system. *Wyatt v. Terhune*, 315 F.3d 1008, 1120 (9th Cir.), *cert. denied*, 540 U.S. 810 (2003). A prisoner cannot satisfy the exhaustion requirement by filing an

3 - OPINION AND ORDER -

untimely or otherwise procedurally defective grievance or appeal. *Woodford v. Ngo*, 126 S.Ct. 2378, 2382 (2006).

Failure to exhaust remedies under § 1997e(a) is an affirmative defense; Defendants have the burden of raising and proving the absence of exhaustion. *Jones v. Bock*, 127 S.Ct. 910, 921 (2007); *Wyatt*, 315 F.3d at 1117-1119. If the court concludes an inmate has not exhausted administrative remedies on any claim, "the proper remedy is dismissal of the claim without prejudice." *Wyatt*, 315 F.3d at 1120.

In Oregon, inmates may file grievances as to the conditions of their confinement, improper treatment by staff, lack of medical treatment, and oversight or error affecting the inmate. *See* Or. Admin. R. 291-109-0140(2). If the matter is not an emergency, an inmate must file a grievance form within 30 working days of the incident. *See* Or. Admin. R. 291-109-0140(3).

An inmate may file an appeal to any grievance response to the functional unit manager, by completing a Grievance Appeal form and filing it with the grievance coordinator within 14 days of the date the grievance response was sent to the inmate. *See* Or. Admin. R. 291-109-0140(5)(a). The functional unit manager's decision may likewise be appealed, again by filing a Grievance Appeal within 14 days of receipt of the response. *See* Or. Admin. R. 291-109-0140(5)(b).

4 - OPINION AND ORDER -

Upon arrival at an institution, Admission and Orientation classes inform inmates of the grievance process, which is also described in a handbook provided to all inmates. Inmates can ask any housing unit officer for a grievance form, which is accompanied by an instruction sheet.

Defendants present evidence that Plaintiff did not file any grievance concerning the alleged failure to protect him from assault or the alleged denial of medical care following the assault. As such, Plaintiff failed to exhaust his administrative remedies as these claims, and they must be dismissed.

As to the claimed failure to provide reconstructive surgery, on December 5, 2005, Defendant Reynolds received an undated grievance from Plaintiff, and assigned it Grievance No. WCCF-12-003-05. Reynolds forwarded the grievance to WCCF Health Services for response.

On January 5, 2006, Defendant Elliott responded to Plaintiff's grievance. On February 22, 2006, Defendant Reynolds received a Grievance Appeal from Plaintiff. She denied the appeal as untimely.

On February 24, 2006, Defendant Reynolds received an inmate written communication from Plaintiff, in which he explained he was away from WCCF for a court appearance from January 6, 2006, to January 27, 2006. Plaintiff stated he did not receive his mail until January 31, 2006, went to the library on February 7, 2006,

5 - OPINION AND ORDER -

to draft his appeal, and responded within 14 days of receiving the grievance response. Defendant Reynolds responded that even if Plaintiff did not receive the grievance response until January 31, 2006, the appeal was due by February 14, 2006. Because she did not receive it until February 22, 2006, Reynolds concluded it was untimely.

Oregon grievance appeal rules specify that "[a]n appeal must be <u>received</u> by the grievance coordinator within 14 days of the date that the employee response was sent to the inmate." Or. Admin. R. 291-109-0140(5)(a)(B). As such, Defendant Reynolds correctly concluded the February 22, 2006, was untimely. Accordingly, Plaintiff failed to properly exhaust his administrative remedies on the reconstructive surgery claim, which must be dismissed.

## CONCLUSION

For these reasons, the Court GRANTS Defendants' Un-enumerated 12(b) Motion to Dismiss -- Failure to Exhaust Administrative Remedies (#15). The dismissal is WITHOUT PREJUDICE.

IT IS SO ORDERED.

DATED this 22nd day of February, 2007.

_____
ANNA J. BROWN
United States District Judge

6 - OPINION AND ORDER -